GEO. W. DEATLY *v.* N. P. RALLS.

[Abstract Kentucky Law Reporter, Vol. 3—386.]

**Purchase-Money Lien.**

When in a conveyance of real estate a lien for purchase-money is reserved, and under an agreement with the debtor, a friend advances him the money to pay the purchase-money note or a part of

it, and the note is delivered to the friend, the debtor agreeing that he should have the lien that goes with it as collateral for advancing the money to the debtor, such friend holds the purchase-money lien for the amount of the note.

**Usury.**

Where one borrows money and pays usury to another with it he can not recover the usury paid from any one except the person to whom he pays it. He has no claim on the person loaning him such money.

APPEAL FROM BATH COURT OF COMMON PLEAS.

October 29, 1881.

OPINION BY JUDGE HARGIS:

Wilson sold a tract of land to Terry, who paid part of the consideration and executed three promissory notes for the remainder. The last note became due the 1st day of January, 1869. On the 20th day of August, 1862, Terry agreed, in writing entered on the back of the note, in consideration of indulgence, to pay ten per cent. interest per annum from the 1st day of the preceding January until the note should be paid.

August 24, 1872, Wilson sold and assigned the note to the appellee. On October 12, 1874, Terry paid by check of appellant the sum of $944.20 to appellee, who executed the following receipt, viz.: "Received $944.20 of G. W. Deatly, which is to be credited on the note that Ralls holds against Terry, which is a land note, and Deatly is to have the note when he pays the balance on the note. The amount of the note is $2,054.30. This receipt is to have ten per cent. interest from this date." There is some contrariety in the evidence about the wording of the receipt, but we shall regard the above copy as containing the substance of the receipt which appellee executed.

February 25, 1875, Terry paid appellee $1,000, and executed his note with security for the remainder due on the land note, which had been assigned to appellee as aforesaid, and which appellant had let him have for that purpose.

It appears that appellant was the friend of Terry, and, sympathizing with him in his financial distress, loaned him the money which he paid to appellee, with the understanding that appellant was to have the note when it should be paid to appellee, and the

lien for its security as an indemnity against loss by reason of his advancements to Terry.

The delivery of the note by the latter to appellant was for the sole purpose of continuing the lien for appellant's security, and it was done in compliance with their previous agreement to that effect. In no sense does the evidence or the receipt named prove that the appellee was either assignor or guarantor of the note which was paid by Terry, in pursuance of the agreement with appellant, in which appellee had no participation as a party further than to give his assent to the delivery of the note when he should receive payment thereof.

If the receipt could be construed as a proposition by appellee to assign the note to appellant on condition that he should pay it and interest, then he could not recover because he failed to pay the note, for the remainder of which Terry executed his note that is still in great part unpaid. If appellant trusted Terry with enough money to pay appellee the latter can not be treated as having received it, although Terry may have kept the money and deceived appellant, who had made him his agent, unless the appellee knew of the bad faith with which Terry had acted. But there is no evidence that appellee had any knowledge of such conduct on the part of Terry, and it is a disputed fact whether Terry so acted.

The receipt states that upon its payment by appellant he "is to have the note." This expression accords with the terms upon which Terry contends he received the money from appellant, and is potent in negative of the latter's claim that he is either assignee or guarantee. The agreement that the receipt was to bear ten per cent. interest added nothing to the amount of the credit evidenced by it, it being the purpose evidently to have the credit bear the same rate of interest as the note. The note was not assigned by the appellee, but it was delivered to Terry by and for whom the appellant furnished the money to pay it.

Only so much of the note, after deducting the usury, as remained unpaid was a lien on the land, and to that extent it was an available collateral security to the appellant; but the remainder of his loan to Terry rested upon the unsecured personal obligation of the latter, against whom no judgment could be rendered therefor because of his discharge in bankruptcy. Terry could not have defeated a recovery against him on the ground that he took the

money borrowed from appellant and paid usurious interest with it, because in no case can usury be recovered except from the party who received it; nor can such a plea be sustained to a demand in which no usury is embraced, although the proceeds have been used by the borrower to discharge usurious contracts.

Had appellee assigned or guaranteed the note to the appellant hardly a doubt could be entertained of his right to recover any part of the note which had been paid, either to appellee or his assignor before the assignment, and this right would not depend upon the institution of a suit at the first term after the assignment. But, as we have said, the evidence shows that no assignment or guaranty was made by appellee. Besides the auxiliary evidence of other witnesses and the disinterested attitude of Terry with relation to the rights of the parties as strongly tending to sustain his credibility, the manner in which the whole transaction took place furnishes intrinsic evidence of the correctness of his version and the erroneous construction placed upon it by appellant.

Judgment *affirmed.*

*Reid & Young, for appellant.*

*Reid & Stone, for appellee.*

[Cited, *Blakeley v. Adams,* 113 Ky. 398, 24 Ky. L. 324, 68 S. W. 473.]

