CASE 113—ACTION FOR USURY—DECEMBER 3.

# Mann v. Bank of Elkton.

APPEAL FROM TODD CIRCUIT COURT.

USURY—NOVATION.—The surety in a note carrying usurious interest took a conveyance of land from his principal the consideration of which was his assumption of the debt. The surety executed to the payee his own obligation, the name of the principal being dropped. The contract thus made constituted a complete novation and a cause of action at once arose in favor of the principal for the usury accrued at the time the new contract was entered into.

JOHN S. BARLOW FOR APPELLANT.

The assumption of the debt by Mimms in consideration of the conveyance of the land to him by Mann constituted a complete novation. Bouvier's Law Dict., Title, "Novation;" Daniel on Neg. Inst., sec. 1268; Morse v. Wilcoxen, 17 Ky. Law Rep., 29.

C. A. DENNY, ALSO FOR APPELLANT.

1. Novation—What Constitutes. Anderson's Law Dictionary, p. 716.
2. The facts in this case disclose a complete novation. Morse v. Wilcoxen, 30 S. W. R., 612 (Ky. Case); Smith v. Young, 11 Bush, 393; Fitzpatrick v. Apperson's Exr., 79 Ky., 272; Rudd

v. Planters' Bank, 78 Ky., 513; Am. & Eng. Enc. of L., vol. 16, 826.

3. A complete novation amounts to a payment and puts into operation the statute of limitations.    30 S. W. R., 612; Smith v. Young, 11 Bush,, 393.

4. Limitation does not begin to run until the whole of the debt is paid. Sub-sec. 3, sec. 2219, Ky. Stats.; Martin v. Martin, 12 B. M., 304; Ellis v. Brannin, 1 Duv., 48.

JAS. R. MALLORY, ON SAME SIDE.

The assumption of the debt by Mimms constituted a payment by Mann and the latter at once became entitled to sue for the usury paid. Spencer v. Lou. Banking Co., 4 Ky. Law Rep., 997; Smith v. Young, 11 Bush, 393; McGill v. Mercantile Trust Co., 81 Ky., 129; 4 Ky. Law Rep., 927; Roberts v. Thomas, 4 Ky. Law Rep., 227; Neal v. Rouse, 93 Ky., 151.

JAS. H. BOWDEN AND H. G. PETRIE FOR APPELLEE.

The giving of a new note by one or more of the original obligors is a mere renewal and not a novation. When Mimms assumed the notes he assumed the notes not at their face value, but with accrued interest. This operated to assign to Mimms the claim for usury paid.

Citations: Kendall v. Crouch, 88 Ky., 199; Shirley v. Stephenson, 20 Ky. Law Rep., 767.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellant borrowed of the appellee sums as follows: October 1, 1889, $3,263.40; March 30, 1892, $1,600; January 9, 1893, $1,553.75. He executed his promissory note for each of the sums named. M. Mimms was surety on the $1,600 and $1,553.75 notes, each of which was secured by mortgages on certain tracts of land. The appellant became involved by reason of the fact that he had purchased a tract of land from Mimms. Mimms had a mortgage subordinate to the lien of the appellee on the land to protect him in his liability as surety on the notes. The appellant was unable to pay his liability to the appellee without the

sale of his land, and on October 8, 1896, sold all of it to
Mimms in consideration that he would pay the appellee
the amount of his indebtedness. On the day named the
appellant seems to have conveyed his land to Mimms, who
was to assume the payment of his indebtedness, which
amounted to $6,576.58. The appellant had paid about $200
on the principal of one of the notes, and the interest on all
of them at the rate of eight per cent. from the time of
their execution until January 15, 1896.. The face of the
notes (less the payment stated), with interest from January
15, 1896, constituted the sum which the appellant owed the
appellee at the time he conveyed his land to Mimms.
Mimms seems to have executed his note to the appellee for
that amount, and it surrendered to the appellant his notes,
with an indorsement on them, "Paid." This action was
brought by the appellant against the appellee to recover
the amount which he'had paid it in excess of the legal rate
of interest (which is six per cent.), on the sums which he
borrowed from it, and evidenced by the notes described.
The appellant paid his obligations to the appellee in the
manner we have described, but did not get credit in that
transaction for any sums which he had paid as usurious
interest on the loans which it had made him; neither does
he appear to have asked for it at the time Mimms assumed
the payment of his obligations to the appellee, nor was
Mimms credited with any part of it when he executed his
note to the appellee. There was none of the usurious in-
terest which the appellant had paid carried into the note
which Mimms executed to the appellee, and the appellant
was no longer bound for the debt. It became the debt of
Mimms when he executed his note to the appellee for it.
There was a complete novation of the debt. The transac-
tion affords conclusive evidence that the parties intended

Mann v. Bank of Elkton.

that there should be a novation of the debt. The appellee surrendered as paid the notes which it held against the appellant, and in lieu of them accepted the note of Mimms, and all parties consented to the transaction, and intended that the appellant should be released from further liability on the debt. Morse v. Wilcoxson, 17 Ky. Law Rep., 29 [30 S. W., 612]. For whatever sums of usurious interest the appellant paid the appellee on the notes, his cause of action arose the moment the transaction detailed was completed. Mimms acquired no right to sue the appellee for the sums which the appellant had paid it for usurious interest. It is not claimed that there was a contract by which he acquired the right to recover such sums. The appellant at that time does not seem to have elected to recover the sums of usurious interest which he had paid the appellee, or to have them applied as partial payments on his debt. If he had continued on the obligation to the appellee for the money which he had borrowed, although he might have given new surety thereon, still, under the adjudications of this court, he could elect at any time before he paid the debt to have such sums which he had paid as usurious interest on it, and carried into the contract, treated as partial payments thereon. This is the effect of the cases of Fitzpatrick v. Apperson's Ex'x, 79 Ky., 272, and Kendall v. Crouch, 88 Ky., 199 [11 S. W., 587]. The rule is unquestioned, as long as the debt exists upon which usurious interest has been paid, although the evidence of such indebtedness had been often renewed, usury paid at any time may be reclaimed as long as any part of the debt remains unpaid. The rule has no application to a case like this, in which the old debt has been extinguished, and a new one created. From the fact that the appellant might have pleaded the payments of usurious interest as partial

payments on the debt, had he continued bound for it, it does not follow that the obligor in the new debt can make available as a defense to the new obligation payments of usurious interest on the old one, which had been extinguished. Usury paid does not *ipso facto* go to reduce the principal, but the obligation to refund can only arise upon the personal election of the borrower to reclaim it. In the cases of Hill v. Cornwall, 95 Ky., 512 [26 S. W., 540], *Fitzpatrick v. Apperson's Ex'r*, and Kendall v. Crouch, the original obligor continued liable for the debt.

It is argued that because Mimms was originally bound as surety on two of the notes, therefore the doctrine of the cases just referred to applies to this case. He, as surety, was released from all obligation, and the obligation upon which he is liable was fully paid, by the sale of the land to him, and the execution of the obligation to the appellee. To allow him to have a credit on the note which he executed to the appellee would be giving him a credit to which he is not entitled, and, in effect, take from the appellant, without right, the sums which he has shown his right to recover herein. The transaction shows that he was not to have any benefit from the payments of usurious interest which the appellant had made to the appellee because he gave his note to the appellee for the total amount of the notes and interest from January 15, 1896. The appellee seeks to show that the land which he purchased was not equal in value to the amount which the appellant owed it, and that he took it at that price because the appellant was insolvent, and had no hopes of getting any more from him. If this be true, it is wholly immaterial, because the consideration for the sale was the amount which the appellant owed the appellee, and all parties understood this amount to be the face of the notes

(less the small credit stated), with interest from January 15, 1896. We do not pass upon the question as to the amount which the appellant is entitled to recover; that is a matter of calculation. The case is reversed for proceedings consistent with this opinion.