## Hurst et al. v. Bank of Commerce et al.

(Decided November 16, 1928.)

Appeal from Breathitt Circuit Court.

1. Usury.—Where money was borrowed from bank, and placed on deposit to credit of borrowers, and by them checked out in payment of usurious claims of another bank, though bank making

loan had knowledge that money was to be so used, that knowledge alone held insufficient to taint transaction with usury.

2. **Usury.**—In action by bank on notes evidencing debt owed it by makers, where defendants failed to prove that the money obtained by giving notes was loaned as a conspiracy to conceal usury of makers' obligations to another bank, which were paid by money borrowed prior to the commencement of the action, held, that defendants had no claim for usury paid with the money borrowed.

GRANNIS BACH and W. L. KASH for appellants.

A. F. BYRD and TURNER & CREAL for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellants, who were defendants below, appealed from a judgment denying in part a defense of usury, which they had interposed. About 15 years ago, the defendants began borrowing money from the Hargis Commercial Bank & Trust Company of Jackson, Ky. They were charged interest on this money at the rate of 8 per cent., and from an examination of this record it appears that other charges, in addition to the interest, were included in these notes, under the headings of fees, etc. These notes grew, the interest was often, if not always, added in and made a part of the principal of the new notes. On December 6, 1922, there was a change made, and, instead of the notes and mortgages being executed to the Hargis Commercial Bank & Trust Company, they were executed to Thomas H. Hargis, a son of A. H. Hargis, the president of the Hargis Commercial Bank & Trust Company. On December 6, 1923, there was another change when these notes and mortgages were again renewed, and this time they were made payable the Bank of Commerce, Lexington, Ky., and on December 6, 1924, they were again renewed to the Bank of Commerce. On February 25, 1926, the Bank of Commerce sued on these notes. One of the notes was for $16,700. Between $5,000 and $6,000 had been paid on it, but there was still quite a balance. The other note was for $11,200.

The defendants filed an answer, counterclaim, and cross-petition, in which they admitted the execution of the notes, but alleged that the $16,700 note contained $2,803.82 of usury, and the $11,200 note contained $3,507.52 of usury. They alleged that they had never had any dealings with the Bank of Commerce, never bor-

rowed any money of that bank, but that all their dealings had been had with the Hargis Commercial Bank & Trust Company, and had been conducted through Mr. A. H. Hargis, the president thereof. They alleged that these notes were in truth and in fact the property of the Hargis Commercial Bank & Trust Company, and they asked that it be made a party, that the Bank of Commerce be adjudged to have no right, title, or claim to the notes sued on, that the Hargis Commercial Bank & Trust Company be adjudged to be the owner thereof, that the notes be purged of usury, etc. The allegations of this answer and cross-petition were categorically denied by each of these banks. The Hargis Commercial Bank & Trust Company further pleaded that the defendants had fully paid it more than one year before the filing of their answer, counterclaim, and cross-petition, and that their right to recover of it any usury paid or alleged to have been paid to it was barred by the statute of limitation.

After the issues were completed, a trial was had upon proof heard in open court, by agreement, and the court adjudged that the execution of the notes by the defendants to the Bank of Commerce on December 6, 1923, and the renewal thereof, on that day in 1924, constituted a novation, and that the defendants were entitled to purge the notes sued on of the $1,140.74 usury, which had accrued since that time, but denied to them any recovery against the Hargis Commercial Bank & Trust Company, and dismissed their claim, and refused them any credit for usury that had been collected on, or included in, this paper previous to the execution of the notes and mortgages to the Bank of Commerce. From that judgment the defendants have prosecuted this appeal.

The counterclaim of the defendants rests upon the allegation that the Hargis Commercial Bank & Trust Company was in reality the owner of the debt represented by the notes given to the Bank of Commerce, and that the two banks were in a collusive arrangement to enable the Hargis Commercial Bank & Trust Company to defeat the defendants' claim of usury. Upon this issue, asserted by the defendants and denied by the banks, there is a total lack of evidence. There is nothing to show any collusive arrangement between the two banks, or that the Bank of Commerce had any notice or reason to suspect that any part of the money borrowed from it was to be

used to pay any notes to the Hargis Commercial Bank & Trust Company that were tainted with usury, or, in fact, anything to show that the Bank of Commerce knew anything of the purpose for which this money was to be used. The money obtained from the Bank of Commerce was placed to the credit of the defendants in that bank, and by the defendants checked out, and used to pay the usurious claims of the Hargis Commercial Bank & Trust Company. If the Bank of Commerce had known that fact, that knowledge alone would not be sufficient to taint the transaction had with it. Where A owes to B a debt containing usury, and borrows from C money with which to pay it, the note given by A to C therefor is not tainted by the usury in the debt to B, even though C knows the money he is loaning is to be so used, if C makes the loan in good faith, and there is no collusion between B and C. See Foard v. Grinter's Ex'rs, 18 S. W. 1034, 14 Ky. Law Rep. 5; Stephenson v. Shirley, 60 S. W. 387, 22 Ky. Law Rep. 1159; Ratliffe v. Buckler, 61 S. W. 472, 22 Ky. Law Rep. 1790; Deatly v. Ralls, 3 Ky. Law Rep. 386 (see opinion in full, 11 Ky. Op. 306); Breckenridge v. Churchill et al., 26 Ky. (3 J. J. Marsh.) 11; Breckinridge v. Bullitt's Ex'rs, 13 Ky. (3 Litt.) 3; Taulbee v. Hargis et al., 173 Ky. 433, 191 S. W. 320, Ann. Cas. 1918A 762; Mann v. Bank of Elkton, 104 Ky. 852, 48 S. W. 413, 20 Ky. Law Rep. 1033; Clark v. Rodes et al., 75 Ky. (12 Bush) 13.

Beyond suspicion, there is nothing to connect the Bank of Commerce with any usury in these debts previous to the execution of the notes to it. All of these transactions were had through the agency of A. H. Hargis. He is the only man with whom the defendants ever had any conversations or any dealings connected with these debts. A. H. Hargis did not testify. All the notes and mortgages in any wise connected with this debt were kept and retained by the Hargis Commercial Bank & Trust Company, even after they had been renewed or paid. No effort was made to have those notes produced, and while the defendants have filed a pleading indicating that usury had been charged them, and that all these different transactions were merely parts of a scheme to conceal it, they have wholly failed to offer proof to support their contention. Upon the record before us it appears that the Hargis Commercial Bank & Trust Company was fully paid on the 6th of December, 1923, which

was more than a year before the filing of the answer, counterclaim, and cross-petition.

There is nothing to show that thereafter it had any interest in this paper whatever, and the action of the trial court in denying to the defendants any claim for usury paid the Hargis Commercial Bank & Trust Company must be affirmed.