# Bank of Commerce for Use of Turner, Special Deputy Banking and Securities Commissioner, v. Howard et al.

(Decided Nov. 13, 1934.)

O. H. POLLARD and R. L. POLLARD for appellant.

E. C. HYDEN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The Bank of Commerce of Lexington sued Eliza Howard and her husband, L. D. Howard, on a note for $11,850 and to foreclose a mortgage on land in Breathitt county securing its payment. The defense in substance was that there had never been any contractual relation between the defendants and the plaintiff; that the execution of the note and mortgage had been procured by the fraud and deceit of A. H. Hargis, president of the Hargis Bank & Trust Company, for the purpose of avoiding the usury laws; that the Bank of Commerce was not, and had never been, the real and beneficial owner of the note; and that the defendants owed it nothing. It was charged that the Hargis Bank was the owner and that the note contained a large amount of usury. The defendants prayed that the note and mortgage be canceled, and that was done by the judgment, from which an appeal is prosecuted.

In 1913 the Howards became indebted to the Hargis Bank, and that indebtedness progressively increased through interest accretions and additional borrowings until 1924, when notes covering the debt were made to Elbert Hargis and then were renewed to him. In 1926 a combined note was made to the Bank of Commerce and renewed in 1927 by the execution of the note sued on, which matured in November, 1928. The transactions were always handled with A. H. Hargis. The defendants, who are illiterate, testified that they never knew anybody in their dealings except Mr. Hargis. Without reciting the evidence, it seems sufficient to say that the proceeds of the note upon which suit was brought were placed to the credit of the Hargis Bank & Trust Company by the Bank of Commerce, and that bank always regarded the note as the discounted obligation of the Hargis Bank. During the pendency of this case, the Bank of Commerce paid itself by charging the note against a deposit which the Hargis Bank had with it and by the application of a sum it subsequently collected for the account of that bank. The

note and the right of action were then formally assigned to the special deputy banking commissioner in charge of liquidating the Hargis Bank, and he was given the right to prosecute the suit in the name of the Bank of Commerce for his use and benefit. The assignment, along with an obligation to pay the cost of this suit, was accepted. It is manifest that the Hargis Bank was at all times the real and beneficial owner of the note and mortgage. Certainly the assignment made it so.

The facts in Hurst v. Bank of Commerce, 226 Ky. 282, 10 S. W. (2d) 1098, are like those in the case at bar and disclose a similar method of handling an ever-increasing debt to the Hargis Bank. However, there is a very material difference in that case and this one because the proceeds of this note, as we have stated, went to the credit of the Hargis Bank, while in the Hurst Case the proceeds were credited to the makers of the note, who checked out the money and paid off the debt to the Hargis Bank. It was held there was a novation and that the Bank of Commerce, as the owner of the note, could not be held chargeable with any usury which might have been contained in the original debt to the Hargis Bank. Here the makers were entitled to raise the issue of usury against that bank as the owner and holder of the note. But we do not think there is anything in the record to sustain the judgment canceling the note and mortgage in their entirety. The court should have gone into the question of the extent of usury, if any, contained in the obligation, and have purged it of whatever that might be. This should now be done. The defendants do not appear to be entitled to more under the pleadings and proof of this record.

The judgment is reversed, and case remanded for consistent proceedings.