CASE 3—PETITION EQUITY—DECEMBER 13.

# Grimes v. Grimes.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. A COUNTER-CLAIM is allowed not only against the plaintiff, but against him and another.

2. A CROSS-PETITION is not allowed against the plaintiff alone or against him jointly with a third person.

3. PARTIES TO ACTIONS—In this action of divorce by the wife, she alleged that she was the owner of a tract of land, in the enjoyment of which she asked the chancellor to protect her. The deed to said tract of land was to plaintiff and her children. The defendant, by his answer, alleged that he had paid for the land, and that the agreement was that the deed was to be made to him jointly with his wife and children, but that through fraud his name was excluded. He asked to have the deed reformed, making his answer a cross-petition against his wife and children, but the children were not served with process. After the issue was made up the defendant dismissed his answer so far as it was sought to make it a cross-petition, and it was thereafter treated as a counter-claim, a judgment being rendered reforming the deed as prayed. *Held*—That if the defendant had any right to have the question as to his interest in said land settled in this action, his right was by counter-claim, and not by cross petition; but the children were necessary parties, and should have been summoned to answer the counter-claim.

Grimes v. Grimes.

OWEN & ELLIS AND EDWARD W. HINES FOR APPELLANT.

1. So much of the answer as was made a cross-petition against the plaintiff and her children having been dismissed, the judgment reforming the deed was unauthorized.

2. The children of appellant were necessary parties to the action so far as it sought to reform the deed, and should have been brought before the court.

3. The appellee's remedy, if any, was by an original action and not by cross-petition. (Civil Code, section 95; Crabtree v. Bank's Adm'r, 1 Met.)

4. The evidence does not support the judgment reforming the deed. To authorize such a judgment, the mistake must be clearly established. (Mattingly v. Speak, &c., 4 Bush, 316.)

GEO. W. JOLLY FOR APPELLEE.

1. The children were not necessary parties. It could not be known until the trust was established that they would have an interest. (Civil Code, sections 28 and 92; Piner v. Clay, 17 B. M., 645; Johnson's Heirs v. Chandler's Heirs, 15 B. M., 589.)

2. If there was a defect of parties it was waived by a failure to make any objection to the proceeding upon that ground.

3. The evidence supports the judgment.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, as the wife of the appellee, filed her petition in the Daviess Circuit Court against the appellee for the purpose of obtaining a devorce from him. She alleged in the petition that she was the owner of five acres of land in said county, and she asked the chancellor to protect her in the enjoyment of it, etc., etc. The appellee, in one paragraph of his answer, alleged that he bought, in 1872, said tract of land from Mr. Hathaway; that he paid him for it; that he paid for the building of the residence thereon; that, by an agreement between him and the appellant, Hathaway was to make the deed to Owen Murphy, who was to hold the land in trust for the equal benefit of the appellant and appellee, and their children by each other, and the child of the appellee by a former

marriage; that by a fraudulent combination between Owen Murphy and the appellant, for the purpose of defrauding appellee, and his child by the former marriage, out of their interest in said land, he made the deed to the appellant and her bodily heirs, which was a conveyance to her absolutely. He asked that the answer be made a cross-petition against the appellant and their children, and that the deed be reformed so as to conform to the foregoing facts. The allegations of the answer were denied. Some time after the issue was made up in reference to said transaction, the appellee dismissed said paragraph of his answer, in so far as it was sought to make it a cross-petition; he then proposed to treat the answer as a counter-claim. The chancellor, after granting the appellant a divorce from bed and board, seemed to treat the answer as a counter-claim; and, upon the hearing of the cause, judgment was rendered reforming the deed according to the prayer of the answer. From that judgment the appellant has appealed to this Court.

Subsection 3, of section 96, of the Civil Code, provides: "A cross-petition is the commencement of an action by a defendant against a co-defendant, or a person who is not a party to the action, or against both; or by a plaintiff against a co-plaintiff, or a person who is not a party to the action, or against both," etc. So, by said section, a defendant may have a cross-action against a co-defendant alone, or a third person may be joined with the co-defendant, or against the third person alone, but he can not have a cross-action against the plaintiff alone or jointly with a third person. Subsection 1 of said section

Grimes v. Grimes.

reads: "A counter-claim is a cause of action in favor of a defendant and against a plaintiff, or against him and another, which arises out of the contract, or transaction stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action."

So, if the appellee had any right to have the question as to his interest in said land settled in this action, his right was by counter-claim and not by cross-petition, for, according to the section of the Code last quoted, the defendant's right to a counter-claim not only extends to the plaintiff, but to a person not a party plaintiff, if such person's rights are connected with the subject matter of the counter-claim.

According to the facts stated in appellee's answer, his child by his first wife, and his children by the appellant, were entitled to an equal interest in said land with himself and the appellant. Said children were therefore necessary parties to said action, because, first, they, or any one of them, had the right to say whether they wished the deed reformed; second, the children by the appellant and appellee might wish to contest the right of the appellee, and his child by his first wife, to an interest in said land. For these reasons, the children, not being parties plaintiff, ought to have been summoned to answer the counter-claim.

As the evidence now in the case can not upon the return of the case be used against said children, it is unnecessary to determine whether or not it is sufficient to sustain the alleged trust.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.