## BERNIER v. GRISCOM–SPENCER CO.

(Circuit Court, S. D. New York. February 2, 1909.)

SPECIFIC PERFORMANCE (§ 70*)—CONTRACT TO DELIVER CORPORATE STOCK— ADEQUATE REMEDY AT LAW.

    Equity, upon a breach shown, will not decree the specific performance of a contract to convey shares of stock in a corporation, unless the facts shown present an unusual and exceptional situation in which the damages recoverable at law would be clearly incomplete and inadequate.

    [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 203; Dec. Dig. § 70.*]

In Equity. On demurrer to amended bill.

Hugh Gordon Miller, for complainant.

Robinson, Biddle & Benedict (Norman B. Beecher, of counsel), for defendant.

PLATT, District Judge. The original bill in this action was attacked by demurrer. The situation is thoroughly set forth in an exhaustive opinion giving reasons for sustaining the demurrer, to be found in 161 Fed. 438.

After reading that opinion, the complainant amended the bill so as to avoid the weaknesses which he thought were pointed out therein. The main differences between the original bill and the present one are these: It is now directed solely to a demand for a transfer of the "$9,000 worth of stock," and alleges that the defendant holds sufficient excess stock to respond to the demand, and that defendant has no stock in the market, and that it cannot be obtained and purchased by the plaintiff in the market or elsewhere. It is further alleged directly, in paragraph 6, that the stock which the plaintiff wishes transferred to him is of the value of $9,000, and that its intrinsic value is at least par at the present time, and that he cannot obtain it from any source except from the defendant.

The law is so plain that citations are unnecessary to establish the proposition that equity, upon a breach shown, will not decree the specific performance of a contract to convey shares of stock in a corporation, unless the facts set forth present an unusual and exceptional situation in which the damages at law would be clearly incomplete and inadequate. The former opinion ought to have made this obvious to the complainant, but it seems that it did not. The amended bill leaves the complainant in worse plight than he was at the outset. He has added the fact that he cannot buy the stock in the market, but he has also added the fact that its intrinsic value is $9,000. He has given no reason why that particular stock is of any especial importance to him. It is proper to infer that his connection with the defendant ceas-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed on or about June 15, 1907, and his departure must have eliminated the only reason why he should care for the ownership of a few shares of stock in the defendant company, rather than their money value which he himself has fixed in his complaint. On the facts shown the remedy at law is full, adequate, and complete. It will be a sorry day when equity begins to assume unnecessary burdens and to interfere with simple problems which can be much more easily solved by law.

Let the demurrer to the amended bill be sustained, with costs.