## Acme Mills & Elevator Co. v. Johnson,

(Decided January 24, 1911.)

### Appeal from Christian Circuit Court.

Personal Property—Contract for Sale—Breach—Measure of Damages.—Where the vendor of personal property fails to comply with his contract the measure of damages in an action for breach of the contract is the difference between the contract price and the market price at the time and place of delivery. The fact that the vendor disposes of the property before the time fixed for delivery does not alter the rule.

DOWNER & RUSSELL, and JOE McCARROLL, for appellant.

C. H. BUSH, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On April 26th, 1909, appellee J. C. Johnson executed and delivered to appellant Acme Mills & Elevator Company the following contract:

"April 26th, 1909.

"I have this day sold to Ernest W. Steger, for Acme Mills & Elevator Company, 2,000 bushels No. 2 merchantable wheat, mill scale to apply, sacks to be furnished, to be paid for on delivery at Hopkinsville, Kentucky, at $1.03 per bushel, to be delivered from thresher 1909."

Appellee failed to deliver the wheat at the time agreed upon, and appellant brought this action to recover damages in the sum of $240, and for the further sum of $80, being the value of 1,000 sacks which appellant had furnished to appellee for his use in delivering the wheat. Appellee admitted the execution and breach of the contract, but denied that appellant was damaged. He further pleaded that he threshed his wheat after the 25th of July; that this was the time fixed for delivery, and wheat was then worth only about 97½ cents per bushel. He also pleaded that, at the time fixed for the delivery of the wheat, appellant had suspended business, was unable to comply with its contract, and had no money to pay for the wheat. In another paragraph he admitted his indebtedness for the item of $80 covering the sacks furnished him by appellant, and offered to confess judgment for that amount. The allegations of the answer were denied by reply. Subsequently appellant tendered and offered to file an amended reply, wherein it pleaded that on the 13th day of July, 1909, appellee, of his own wrong and without right or legal authority or the consent of appellant, sold his wheat to the Liberty Mills at Nashville, Tennessee, at the price of $1.16 per bushel, and that by reason of this fact he was estopped to plead in his answer that his wheat was not threshed until after the 25th of July, 1909, or that the market price for said wheat at the date of said threshing did not exceed $1 per bushel. The court declined to permit this amended reply to be filed, but entered an order making it a part of the record. The trial resulted in a verdict for appellant in the sum of $80 for the sacks, whereupon judgment was entered against appellee for $80 and costs. From that judgment this appeal is prosecuted.

The evidence for appellee is to the effect that he did not begin threshing his wheat until after the 25th of July, 1909; he completed his threshing about the 29th of the same month. This fact is established by

appellee and his brother and the testimony of two or three other witnesses who passed appellee's field while he was engaged in the work of threshing. There is no evidence to the contrary. At the time he finished threshing, wheat of the kind which he had contracted to sell appellant was not worth over $1 per bushel. This fact is established by the evidence of several witnesses, and there is practically no evidence to the contrary. Appellee attempted to justify his conduct in breaching the contract by certain rumors to the effect that appellant had suspended business and was unable to pay for the wheat. While there may have been rumors to this effect, the evidence fails to establish the fact that appellant had suspended business. About the 14th or 15th of July, appellee sold his wheat to the Liberty Mills at Nashville for $1.16 per bushel. On the 24th of July the price of wheat began to fall, 'until it reached about $1 per bushel on the 29th.

The evidence of appellant and its witnesses is devoted, chiefly, to establishing the fact that appellant did not suspend business and was fully able to pay for the wheat contracted for. While their evidence tends to show that the price of wheat, from the 14th or 15th of July to the 24th, was far in excess of the contract price, they practically admit that wheat was not worth more than a dollar per bushel at the time appellee claims he finished threshing.

One of the errors relied upon is the failure of the court to permit appellant's amended reply to be filed, wherein it attempted to plead that appellee was estopped by his conduct, in selling the wheat, from claiming that he threshed it at a later date, or that appellant was not damaged by reason of the breach of the contract. In this connection it is insisted that appellee had no right to violate his contract by selling the wheat to another at a price far in excess of the contract price, using for that purpose the sacks appellant had furnished, and then claim that as a matter of fact he had not threshed the wheat until a later date, and at that time the market price of wheat was below the contract price.

In contracts for the delivery of personal property at a fixed time and at a designated place, the vendee is entitled to damages against the vendor for a failure to comply, and the measure of damages is the difference between the contract price and the market price of the property at the place and time of delivery. (Miles v. Miller, 12 Bush, 134). This principle of law is so well

settled, not only in this State, but in all the courts of this country, that it is no longer open to discussion. There is no reason why this rule should not apply to the facts of this case. The evidence clearly established the fact that the threshing was not completed until about the 29th of July. There is nothing in the evidence tending to show that appellee fraudulently delayed the threshing of the wheat for the purpose of permitting the market price of the wheat to go down. Indeed, all the circumstances pointed to an advance rather than a decline in the price, and appellee had no reason to anticipate that the market would decline. As he finished threshing on the 29th of July, and the wheat was to be delivered from the thresher, and appellant was not to accept and pay for the wheat until the time fixed for the delivery, that is the time which determines whether or not appellant was damaged. If appellee had sold his wheat on July 14th or 15th, at $1.16, and the price on July 29th was $1.50 per bushel, appellant would not be contending that the measure of his damages was the difference between the contract price and the price appellee received for it on July 14th or 15th, but would insist that he was entitled to the difference between the contract price and $1.50 per bushel. Besides, appellee was not required by his contract, to deliver to appellant any particular wheat. Had he delivered other wheat of like quantity and quality, he would have complied with the contract. When he sold his wheat on July 14th or 15th, for a price in excess of the contract price, and, therefore, failed to deliver to appellant wheat of the quantity and quality contracted for, he took the chances of being mulcted in damages for the breach of the contract. Estoppel can only be invoked where a party by his conduct has led another to act to his prejudice. There is nothing in the facts of this case to justify the application of that doctrine.

But it is insisted that the court improperly placed the burden of proof upon the appellee, and thereby gave him the closing argument, and improperly admitted and rejected certain evidence. The ruling of the court with reference to the burden of proof was improper, for, notwithstanding the fact that appellee admitted the execution and breach of the contract, yet it was still incumbent upon appellant to prove that it had been damaged. But the question still remains: Was the action of the court prejudicial? As stated before, the evidence overwhelmingly established the fact—indeed, it is practically admitted—that the market price of wheat of the kind and

quality contracted to be delivered at the time and place designated in the contract did not exceed $1 per bushel. That being true, appellant, instead of being damaged by the breach of the contract, was actually benefited to the extent of about three cents per bushel. Had the jury upon this state of facts found anything for the appellant, it would have been the duty of this court to reverse the judgment because the verdict was flagrantly against the evidence.

The evidence which it is claimed was improperly admitted and rejected concerned only certain immaterial issues; it had no bearing upon the market price of wheat at the time and place fixed for delivery. We deem it unnecessary to pass upon the propriety of the court's action in regard to such evidence, for the reason that if he erred in the respects complained of, such error could not have prejudiced the substantial rights of appellant.

Judgment affirmed.