### A. G. LEHMAN CO. v. ISLAND CITY PICKLE CO.

(District Court, W. D. Michigan, S. D.   December 1, 1913.)

**1. SALES (§ 69*)—CONTRACT OF SALE—SPECIFIC PROPERTY.**

Where a contract for the sale of 20 car loads of sauerkraut specified only kraut of good quality, 1913 pack, equal to that furnished by the seller during the season of 1911, but did not require that it should be kraut manufactured at the seller's own factory, nor even be made from cabbage grown in Michigan, the contract was not for the purchase and sale of specific kraut; though both parties believed that the kraut to be furnished would be manufactured at defendant's factory, and it was a sufficient compliance with the contract if he produced goods of the proper quality manufactured by others.

[Ed. Note.—For other cases, see Sales;   Cent. Dig. § 183;   Dec. Dig. § 69.*]

**2. SPECIFIC PERFORMANCE (§ 121*)—CONTRACT—PURCHASE AND SALE OF PERSONALTY.**

In a suit to compel specific performance of a contract for the sale of a quantity of sauerkraut equal to that produced by the seller and sold to the buyer in 1911, which was only a fair quality, the contract only requiring that it be of good quality, 1913 pack, tank cured, standard cut, and well packed, evidence *held* insufficient to show that the buyer, after the seller's breach of contract, by reasonable diligence could not have purchased similar kraut elsewhere to fill the contract.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395;   Dec. Dig. § 121.*]

**3. SPECIFIC PERFORMANCE (§ 69*)—SALE OF PERSONAL PROPERTY—RIGHT TO RELIEF—ADEQUATE REMEDY AT LAW.**

Where complainant contracted to purchase 20 car loads of sauerkraut from defendant during the season of 1913 for the sole purpose of reselling it to complainant's customers in the usual course of trade, and the contract was entirely executory at the time of the seller's breach, complainant had an adequate remedy at law by the recovery of damages, and could not maintain a suit for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 200–202;   Dec. Dig. § 69.*]

In Equity.   Suit for specific performance by the A. G. Lehman Company against the Island City Pickle Company.   Dismissed.

Colin P. Campbell, of Grand Rapids, Mich., for plaintiff.

Joseph B. Hendee, of Eaton Rapids, Mich., and Elmer N. Peters, of Charlotte, Mich., for defendant.

SESSIONS, District Judge.   In February, 1913, the parties to this suit entered into the following contract for the purchase and sale of 20 car loads of sauerkraut:

"Article of agreement made and entered into this 14th day of February 1913, by and between Island City Pickle Company, of Eaton Rapids, Mich., party of the first part, and A. G. Lehman Company, of Pittsburg, Pa., party of the second part, witnesseth:

"Party of the first part agrees to and does hereby sell to party of the second part, and party of the second part agrees to and does hereby buy from party of the first part, twenty (20) car loads sauerkraut, 36,000 pounds each.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Kraut to be good quality, 1913 pack. to be tank cured, standard cut, and well packed. to be equal in every way to kraut furnished on contract during season of 1911.

"Price to be seven and one-half (7½) cents per gallon, Pittsburg, Pa., rate of freight allowed. cooperage to be furnished by party of the second part f. o. b. Eaton Rapids, Mich.

"All kraut packed in half bbls. to be one-half cent per gallon extra.

"Not less than 15 cars to be taken between September 1, and November 15, 1913, and all to be taken by February 1, 1914.

"Party of the second to furnish cooperage and shipping instructions for several cars by September 1, 1913.

"Terms to be 30 days or 1 per cent. 10 days from date of invoice.

"It is agreed that any claim must be made within five days after receiving the goods.

"It is mutually agreed that, should buyer or seller suffer a loss by fire or strikes, he is not to be held liable.

"Seller: Island City Pickle Co.,
"By Geo. P. Honeywell.
"Buyer: A. G. Lehman Company,
"By A. G. Lehman, Sec'y."

Thereafter plaintiff made contracts with several of its customers for the sale of sauerkraut to be manufactured by defendant at its factory at Eaton Rapids, Mich. On September 10, 1913, the defendant wrote the plaintiff repudiating the contract upon the alleged ground that Mr. Honeywell, who executed it in behalf of defendant, had no authority so to do, and refusing to furnish the kraut. Plaintiff, through its attorney and the broker who had originally negotiated the sale, immediately notified defendant by letters that the plaintiff would insist upon the performance of the contract and that suit for damages would follow its breach. On or about October 7, 1913, defendant contracted with Wilson Packing Company of Jackson, Mich., for the sale of the entire output of its kraut factory for the year 1913. Pursuant to the terms of this contract the Wilson Packing Company paid to defendant the sum of $2,000 and sent one of its employés to defendant's factory, under whose supervision all of the kraut has been manufactured. On October 30, 1913, Mr. Lehman and the broker, Mr. Eley, representing the plaintiff, went to Eaton Rapids and tried to induce the defendant to perform its contract. The latter again refused to furnish the kraut. The bill in this case was filed on November 3, 1913, and therein and thereby plaintiff seeks a decree compelling the specific performance of the contract of sale and restraining the defendant from selling or shipping 13 car loads of kraut in its factory at Eaton Rapids to any one other than plaintiff.

Counsel have presented and argued several questions of minor importance relating to the financial responsibility of defendant, the authority of Mr. Honeywell to execute the contract in its behalf, the right of plaintiff as a foreign corporation to do business in the state of Michigan, the laches of plaintiff, waiver of its claims, and the rights of the Wilson Packing Company. None of these questions requires consideration, as the decision of the case must turn upon the determination of the all-important question of whether a court of equity will decree the specific performance of such a contract as the one here presented.

Defendant contends and plaintiff concedes that a court of equity will not compel the specific performance of a contract for the sale of personal property unless special circumstances and conditions exist which render inadequate a suit at law to recover damages for its breach. But plaintiff insists that in this instance such special conditions and circumstances do exist. It plants its suit and bases its right to recover in a court of equity upon two alleged grounds: First, that the contract is for the sale and purchase of the specific kraut manufactured by the defendant and now in its factory at Eaton Rapids; and, second, that it is and has been practically impossible to procure kraut of like quality elsewhere.

[1] The first contention is unsound and untenable. The contract between these parties speaks for itself. It does not require defendant to furnish kraut of its own manufacture, nor even that made from cabbage grown in the state of Michigan. It is true that, at the time the contract was made, defendant was engaged in the business of manufacturing kraut at its factory at Eaton Rapids and not elsewhere. It is probable that both parties then believed that the kraut to be furnished would be manufactured at defendant's factory; but they did not see fit to incorporate any such requirement in the contract, and none is necessarily implied. Where the sale of goods is by a manufacturer or producer, unless it is specially agreed that the goods shall be of the seller's manufacture or production, it will be a sufficient compliance with his contract if he delivers goods of the proper quality manufactured or produced by others. 35 Cyc. 190; T. Wilce Co. v. Kelley Shingle Co., 130 Mich. 319, 89 N. W. 957; Forsyth Mfg. Co. v. Castlen, 112 Ga. 199, 37 S. E. 485–490, 81 Am. St. Rep. 28; Stanford v. McGill, 6 N. D. 536, 72 N. W. 938, 38 L. R. A. 760; Acme Mills & Elevator Co. v. Johnson, 141 Ky. 718, 133 S. W. 784–786.

[2] Plaintiff's second contention (that goods of like kind and quality could not be purchased elsewhere) is not sustained by the evidence. Defendant sold kraut to plaintiff in 1911 and 1912. That produced in 1912 was not satisfactory, and the contract was not fully performed by either party, while that produced in 1911 was of fair, but not the best, quality, owing to its being short cut. The contract here under consideration required only that the product "be good quality, 1913 pack, to be tank cured, standard cut, and well packed, to be equal in every way to kraut furnished on contract during season of 1911." The witnesses do not agree as to whether kraut made from Ohio cabbage is equal in quality to that made from Michigan cabbage; but they do agree that there is little, if any, difference in the quality of that manufactured in Michigan, Wisconsin, and western New York. The undisputed testimony shows that the kraut from Eaton Rapids and Charlotte is somewhat inferior to that produced elsewhere, for the reason that it is made from coarse, loose, and green cabbage grown upon low muck land.

The evidence also shows that there are at least ten kraut factories in Michigan, besides others in and near Chicago using Michigan cabbage. Some of these factories are smaller and some of them much larger than the one belonging to defendant at Eaton Rapids. Plaintiff

made no effort to procure kraut from more than two or three of them, and none at all in either Wisconsin or New York. In October the factory at Charlotte, a few miles from Eaton Rapids, had several car loads of unsold kraut. Mr. Eley, the broker who was acting for plaintiff, testified that kraut to fill this contract could have been procured in the month of October and prior to the commencement of this suit. There is, therefore, no satisfactory showing that, with reasonable diligence and effort, the plaintiff could not have purchased elsewhere the goods covered by its contract with defendant.

[**3**] This case presents no features and contains no elements to justify the withholding from defendant of that right to a jury trial of the controversy which the federal courts have ever guarded with zealous and jealous care. Sauerkraut is a staple, commercial commodity, whose market value can be easily and accurately ascertained, and which the plaintiff, by the exercise of reasonable diligence, could have procured. The contract in question is wholly executory. Plaintiff has paid or advanced no money and performed no services. Hence defendant does not occupy the position of a quasi trustee, as was the case in Livesley v. Heise, 45 Or. 148, 76 Pac. 952, Livesley v. Johnston, 45 Or. 30, 76 Pac. 13, 946, 65 L. R. A. 783, 106 Am. St. Rep. 647, and in Ridenbaugh v. Thayer, 10 Idaho, 662, 80 Pac. 229. No interest in land is involved, as was the case in Stuart v. Pennis, 91 Va. 688, 22 S. E. 509. Plaintiff contracted for completely manufactured kraut for the sole purpose of reselling it to its customers in the usual course of trade, and not with the intention and design of using it as one of several ingredients of a product of its own factory, as was the case in Gloucester Isinglass & Glue Co. v. Russia Cement Co., 154 Mass. 92, 27 N. E. 1005, 12 L. R. A. 563, 26 Am. St. Rep. 214, and in Equitable Gaslight Co. v. Baltimore Coal Tar Co., 63 Md. 285. In short, plaintiff has not brought its case within any of the exceptions to the general rule. If it has suffered any loss because of the failure and refusal of defendant to perform the contract of sale, it has a plain, complete, and adequate remedy in an action at law to recover damages for the breach thereof, and therefore cannot maintain this suit in equity to compel specific performance. The following are a few of the many federal cases so holding: Javierre v. Central Altagracia, 217 U. S. 502–508, 30 Sup. Ct. 598, 54 L. Ed. 859; Bernier v. Griscom-Spencer Co. (C. C.) 161 Fed. 438, 441, 442; same case (C. C.) 169 Fed. 889; Sugar Beets Product Co. v. Lyons B. S. Refining Co. (C. C.) 161 Fed. 215; Kane v. Luckman (C. C.) 131 Fed. 609, 619 et seq.; Eckley v. Daniel (C. C.) 193 Fed. 279. See, also, Cole v. Cole Realty Co., 169 Mich. 347, 135 N. W. 329; 36 Cyc. 555, and authorities there cited.

A decree will be entered dismissing the bill of complaint without prejudice to an action of law for the recovery of damages for breach of the contract. Defendant will recover its costs of suit to be taxed.