## Hudson and Collins v. Outram, Trustee.

(Decided May 6, 1924.)

## Appeal from Johnson Circuit Court.

1. Mines and Minerals—Joint Owners Held to have Acquiesced in and Ratified Appointment of Trustee, who Could Sue for Assessments.—Several joint owners of oil and gas lease held to have acquiesed in and ratified appointment of trustee, though they did not sign writing making appointment, having paid assessments to him as trustee, and he could sue them for assessments.

2. Mines and Minerals—Immaterial that Written Contract Appointing Trustee Made in Trade-Name, where all Joint Owners Executed or Ratified.—Fact that written contract between joint owners of oil and gas lease, appointing trustee to conduct business, was made in trade-name was immaterial, being either executed or ratified by all joint owners, and their purpose being to bind themselves.

3. Mines and Minerals—Trustee Held Entitled to Sue for Assessments on Partners.—Where joint owners of oil and gas lease appointed trustee to manage business and levy assessments, his authority continued until revoked, and he could maintain action against joint owners to collect assessments, if reasonable and necessary and properly made.

4. Appeal and Error—Transfer to Equity by Agreement Not Appealable.—As transfer of cause to equity was by agreement of counsel, neither party is in position to question propriety of court's ruling.

5. Appeal and Error—Questions Expressly Reserved Not Considered. —On appeal from judgment for plaintiff, in action by trustee operating partnership against partners to recover assessments, wherein lien on defendant's interest was asserted, and court expressly reserved question of lien, plaintiff's right to lien and court's jurisdiction to award it on property located in another county are questions not before court.

6. Appeal and Error—No complaint in Absence of Request to Rule on Demurrer.—Trial court never being asked to rule on demurrer to amended petition, defendants cannot complain on appeal that demurrer was not sustained.

C. F. KELLY for appellants.

HOWES & HOWES and L. W. MORRIS for appellee.

## OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Frank Hudson and George Collins, together with J. B. Outram, Dr. H. W. Miller and others, were joint owners of an oil and gas lease on 56 acres of land in Magoffin county, and the interest of Hudson and Collins

amounted to 29/64 of the entire property. In the conduct of the business, the joint owners used the trade name of the Warrick Petroleum Company, and the business was conducted under the trustee system; that is, the owners selected a trustee with full power to operate the property and assess each of the owners his *pro rata* part of the expenses. Dr. Miller had been acting as trustee, and, on his retirement, J. B. Outram was appointed in his place. He was selected at the instance of Hudson and Collins, and his original appointment was by parol. Outram's appointment as trustee was subsequently made in a writing signed by the owners other than Hudson and Collins, who declined to sign on the ground that they had made it a rule not to bind themselves by contract, but were willing to trust Outram to do the right thing. After Outram's appointment, and while the property was under his management, Hudson and Collins paid several assessments.

Having declined to pay assessments 13, 14, 15 and 16, aggregating the sum of $6,706.25, Outram, as trustee for the joint owners, brought this suit against Hudson and Collins to recover the amount due. The defendants demurred to the petition and filed an answer denying its allegations. Thereupon plaintiff filed an amended petition supplementing the allegations of the original petition and asserting a lien on defendants' interest in the property, and also asking damages in the sum of $1,000.00. Defendants then demurred and also filed answer to the amended petition. The only evidence heard was introduced by plaintiff, and on final hearing judgment was rendered in his favor for the amount sued for, but the question of lien on the interest of the defendants in the lease in controversy was reserved for future determination. The defendants have appealed.

It is first insisted that Outram was not authorized by appellants to act as trustee. As a matter of fact, however, the evidence shows that his appointment was at the suggestion of appellants, and was made at a meeting of all the joint owners held for that purpose. Not only so, but thereafter a contract in the name of the Warrick Petroleum Company, designated as a partnership, was drawn up and signed by all the joint owners except Hudson and Collins. While they declined to sign on the ground that they were not in the habit of making contracts with their employees, they afterwards wrote

Outram advising him of his appointment and telling him of his duties under his appointment. Moreover, they paid several assessments made by Outram, and accepted the benefits of his management by receiving their portion of the oil. In view of these circumstances, it cannot be doubted that they acquiesced in and ratified his appointment, and are as much bound by his acts as if they had signed the written contract executed by the other joint owners.

The fact that the written contract was made in the name of the Warrick Petroleum Company, a trade name adopted by the partnership, is immaterial. It was either executed or ratified by all the joint owners, and their purpose was to bind themselves and not merely the name under which they were doing business. Outram was not a trustee in the sense that it was necessary to invest him with title to the property. While denominated a trustee, he was in fact a managing agent selected by the owners to operate the lease with full power to do everything necessary for that purpose, including the power to levy assessments on each of the joint owners for his *pro rata* share of the expense, and his authority continues until it has been revoked. Being authorized to collect assessments, there can be no doubt that he had the right as trustee for all the joint owners to maintain this action against appellants for the purpose of enforcing such collections. As the uncontradicted evidence shows that the assessments were reasonable and necessary and were properly made, it follows that the judgment was proper.

As the cause was transferred to equity by agreement of counsel, appellants, of course, are not in a position to question the propriety of the court's ruling.

As the court expressly reserved the question of lien, appellee's right to a lien, and the court's jurisdiction to award him a lien on property located in another county are questions not now before us.

It not appearing that the trial court was ever asked to rule on the demurrer to the amended petition appellants cannot complain of the fact that the demurrer was not sustained.

Judgment affirmed.