## J. B. Outram, Trustee, et al. v. Hudson and Collins.

(Decided February 1, 1927.)

### Appeal from Magoffin Circuit Court.

1.  Judgment—Whether Joint Owners were Bound by Mining Partnership Contract Not Signed by Them Held "Res Judicata" by Judgment in Action for Unpaid Assessment.—Question whether:

joint owner of oil and gas lease, who had not signed writing set-
ting forth articles of partnership, had acquiesced in and ratified
them, so that they were bound thereby, held res judicata by judg-
ment in suit against them for assessments due under agreement.

2.   Mines and Minerals—Two Joint Owners could Not Dissolve Min-
ing Partnership and Sell Lease Under Statute, where no Grounds
for Dissolution Appeared (Civil Code of Practice, Section 490).—
Where oil lease had been developed under mining partnership,
two of joint owners could not effect its dissolution by sale of lease,
under Civil Code of Practice, section 490, where grounds for dis-
solution of partnership, provided for in articles of partnership,
did not appear.

FRED HOWES and H. H. RAMEY for appellants.

W. R. PRATER, C. F. KELLY, ALLEN, BOTTS & DUNCAN,

FRANK E. DAUGHERTY, Attorney General, and O. S. HOGAN,
Assistant Attorney General, for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

The parties appellant and appellee herein are the
joint owners of an oil and gas lease on the W. B. Bailey
56-acre tract of land on State Road fork of Little Paint
creek, in Magoffin county, Kentucky. They appear sev-
eral years ago to have concluded to develop the lease for
oil and gas and the agreement under which they pro-
ceeded to do so created a mining partnership among them.
The development of the lease was intrusted to the man-
agement of one of the members of the partnership under
an agreement entered into by all of them. Just when the
original development started does not apppear and is not
material. The management of the lease and its develop-
ment had been intrusted to different ones of the partner-
ship until the year 1922. Several wells had then been
drilled which were productive of oil. In the year 1922
appellant, J. B. Outram, one of the joint owners of the
lease and one of the members of the mining partnership,
by agreement of all of the owners and members of the
partnership, became its managing agent for the further
development of the lease and the operation of the wells
thereon. The partnership engaged in business under the
name of Warrick Petroleum Company, and under the
agreement by which appellant, Outram, was intrusted
with its management he was given full control of the lease
in question, its further development for oil and the care

and supervision of the production of same from the wells thereon. For his services he was to be paid $150.00 per month. He, however, was not given authority to sell and collect the proceeds of the oil derived from the lease. He merely delivered the oil produced into the pipe line where, under division orders it was credited to the account of the various owners according to their respective interests, each of whom sold and collected for his own oil. The expense of the upkeep of the lease and of the production of the oil and of the drilling operations was to be paid by the members of the mining partnership according to their respective interests under assessments against them made by appellant, Outram, in his capacity as "trustee." as he has been denominated throughout the record. The further development of the lease was prosecuted under the management of Outram, and the affairs of the partnership continued under the arrangement indicated until in September, 1923, when this action was instituted by appellees, Hudson and Collins, against the other owners of the lease and members of the mining partnership by which, under the provisions of section 490 of our Civil Code, upon the theory that it could not be divided without materially impairing its value and the value of the various interests therein, they sought a sale of the lease and *pro rata* division of its proceeds and incidentally dissolution of the partnership. The sale of the lease and dissolution of the partnership was resisted by the other owners and members who were made parties defendant. Upon the trial below the chancellor adjudged a sale of the lease and a distribution of its proceeds, and adjudged that Outram as trustee render an accounting to the master commissioner so that the accounts of the mining partnership might be finally settled and its existence be terminated. This appeal is prosecuted from that judgment.

The members of the mining partnership at the time appellant, Outram, was made trustee or managing agent, entered into written articles of partnership by which their respective rights and liabilities were defined and by which the authority, power and duties of the trustee or managing agent were fully set forth. It also provided how and under what circumstances it might be terminated or its terms varied, namely, "by mutual consent; by a joint sale of all said property; by mismanagement on the part of said trustee, or his failure to faithfully, vigorously, eco-

nomically and practically carry out the terms hereof, or by a vote of the holders of interests in said partnership and property aggregating not less than two-thirds of the whole thereof.'' It is true that appellees, Hudson and Collins, did not sign the writing which set forth the articles of partnership, but they have at no time nor herein contended that it does not set forth exactly the agreement that was entered into by all of the members of the partnership and joint owners of the lease in question at the time Outram was elected trustee or managing agent. After his appointment as trustee, in the discharge of his duties as such appellant, Outram, made assessments against the various owners of the lease in question for their proportionate part of the cost of development, and upon appellees, Hudson and Collins, failing and refusing to pay a number of such assessments he instituted an action against them to recover on that account. They, among other defenses, insisted that Outram was not authorized by them to act as trustee. He having recovered judgment against them in the circuit court they prosecuted an appeal to this court, and the opinion may be found in 203 Ky, at page 78. It was there held that though they had not actually signed the articles of partnership they were bound by them under the circumstances obtaining as fully as if they had done so. What was there said need not here be repeated, reference to the former opinion being sufficient. That question is *res judicata*.

The lease which appellees now seek to have sold upon the ground of its indivisibility constitutes the sole asset of the mining partnership entered into by the parties hereto. The partnership was organized for the purpose of developing, and all of the terms and conditions of the articles of partnership centered around the development and production of oil from the lease in question. Among other things, the owners of the lease and members of the partnership agreed among themselves as to the terms and conditions under which the articles of partnership might be varied or terminated. The quotation above sets forth the terms. The evidence for appellees was directed solely to the establishment of the fact that the lease could not be divided without materially impairing its value. No evidence authorizing a dissolution of the partnership under the terms agreed upon is to be found in the record. The effect that must be given to the fact that under the articles

of partnership the oil lease in question in effect became the capital stock of the mining partnership seems to have been lost from the view of apellees in the production of their evidence. They insist, however, that the evidence is sufficient to establish quarrels and dissensions among the members of the partnership to such an extent as to authorize its dissolution and a sale of its assets and a final accounting, under the principles announced in Thornton's The Law of Oil and Gas, sections 360 and 369, and the outstanding case on the subject, Childers v. Neely, 47 W. Va. 70, 34 S. E. 828, 81 Am. St. 777, 49 L. R. A. 468. Appellees produced no evidence on the question and seek to have such a state of facts inferred from the fact that the trustee or managing agent had to sue them to enforce the assessments against them for their portion of the cost of operation and development of the lease. There is no evidence tending to establish that the further operation of the lease will be unprofitable, but rather that it will be profitable. Where a mine or an oil lease has been developed by its owners under a mining partnership one of the members of the partnership may not effect its dissolution by a sale of the real estate under the provisions of section 490 of our Civil Code of Practice. Grounds for dissolution of the partnership must be made to appear. This court's consideration of the evidence herein has led to the conclusion that the evidence is not sufficient to support the judgment of the chancellor decreeing a dissolution of the partnership and a sale of the lease herein.

Wherefore, the judgment is reversed and cause remanded, with direction that judgment dismissing the petition be entered.