## Outram v. Paintsville National Bank.

(Decided December 7, 1928.)

FRED HOWES for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

Charles Greenfield and others were the owners of an oil lease in Magoffin county, Ky., known as the W. B. Bailey lease, and were carrying on the work of development thereof under the name of Warrick Petroleum Company. In August, 1920, the interested parties entered into a written agreement under which the further development and operation of the lease was to be carried on, and for this purpose the appellant was designated therein as "trustee," and was given the management and control of the property, and its further development intrusted to him. Under this agreement appellant was authorized to and did from time to time make an assessment against each of the interested parties for his pro rata share of the expense in carrying on the operations. The respective parties sold their own oil and collected the proceeds thereof direct.

Greenfield owned $9/_{128}$ interest in the lease. He paid all the assessment levied against him up to May, 1924. On May 24, 1924, he mortgaged his interest to the appellee to secure an indebtedness of $11,000. Later on, in 1924, the appellant here instituted an action in the Magoffin circuit court against Greenfield to collect additional assessments against his interest in the sum of $1,012.48, and in his petition he sought to have the interest of Greenfield adjudged in lien to secure the payment of those assessments and to have such interest sold in satisfaction thereof. A judgment was rendered in his favor for the amount sued for; Greenfield's interest was adjudged in lien to secure the payment thereof, and was ordered sold by the master commissioner of the court. Pursuant to that judgment a sale was had the 22d day of September, 1924, and the appellee here became the purchaser.

On August 18, 1924, the appellee filed in that action its petition to be made a party and cross-petition against Greenfield, asserting its mortgage lien, and asking that it be enforced and that it be adjudged the prior lien on said interest; and at the same time it filed exceptions to the master commissioner's report of sale aforesaid. On May 6, 1926, judgment was rendered in that action in favor of the appellee against Greenfield, for the amount of its debts, adjudging Greenfield's interest in lien to it to

secure said debt, and directing a sale for the payment of the debt as well as to pay the debt theretofore adjudged to the appellant; adjudging also that appellee's lien was prior and superior to appellant's lien; and further adjudging that the exceptions to the aforesaid sale be sustained and the sale set aside, and ordering a resale of the property. To so much of that judgment as awarded appellee a prior lien an appeal was prosecuted to this court and the judgment reversed. Outram v. Paintsville National Bank, 220 Ky. 253, 294 S. W. 1067. The interest of Greenfield was again sold on June 28, 1926, and again purchased by the appellee. The report of this sale was confirmed October 6, 1926.

This action was instituted December 24, 1925, against the appellee to recover an assessment against Greenfield's interest made October 29, 1925, in the sum of $562.50; and by an amended petition filed November 30, 1927, recovery was sought of an additional assessment of $281.12 levied September 15, 1927.

Appellee defended on the ground that it was not the owner of the interest of Greenfield at the time either of the assessments sued for was made. Appellant, by reply, alleged that in an action lately pending in the Magoffin circuit court, wherein Hudson and Collins were plaintiffs, and the appellant J. B. Outram, trustee, and others, were defendants, the appellee filed its answer therein, in which it alleged that it was the absolute owner of the interest of Greenfield in said lease, and joined with the plaintiffs in the prayer of their petition in seeking a sale of the whole property and the division of the proceeds on the ground that the property could not be divided without materially impairing its value. See Outram v. Hudson, 218 Ky. 15, 290 S. W. 1031. And further alleged in said reply that because and by reason of that answer and the claim of title therein made, the appellant was estopped to deny its ownership of Greenfield's interest at the time the assessments sued for were made. Upon the trial and at the conclusion of the evidence, the court peremptorily instructed the jury to return a verdict for the appellant in the sum of $281.12 for the assessment made September 15, 1927, and to return a verdict for the appellee as to the assessment of $562.50 made October 29, 1925. Complaining of this action of the court the plaintiff has appealed.

It is quite clear from the record that the action of the court in its instructions to the jury was based upon its conclusion that the appellee was not the owner of Greenfield's interest on October 29, 1925, the time the assessment of $562.50 was made. In this we concur. The sale made in 1924, at which the appellee was the purchaser, was set aside in June, 1926, and appellee never acquired the interest of Greenfield until the confirmation of the second sale on October 6, 1926. Appellee was not a party to the original agreement. There was no legal obligation upon it personally to pay any assessment made against Greenfield or against Greenfield's interest prior to the date it acquired that interest; and we have seen that it did not acquire that interest until October 6, 1926. If this were an action seeking to have Greenfield's interest adjudged in lien to secure the assessment made October 29, 1925, a different question would be presented. Under no state of case as presented by this record is appellant entitled to a personal judgment against appellee for the assessment made October 29, 1925.

■ By its answer in the case of Hudson & Collins v. Outram, Trustee, in the Magoffin circuit court, appellee was not estopped to deny, in this action, its ownership of the Greenfield interest at the time the assessment of $562.50 was levied. Estoppel as here relied on can only be invoked where a party by his conduct has led another to act to his prejudice. Torbitt, etc., v. Middlesboro Grocery Co., 147 Ky. 343, 144 S. W. 16; Acme Mills & Elevator Co. v. Johnson, 141 Ky. 718, 133 S. W. 784; Acme Mills & Elevator Co. v. Rives, 141 Ky. 783, 133 S. W. 786; Jett v. Jett, 171 Ky. 548, 188 S. W. 669.

Judgment affirmed.