## Collins v. Outram.

(Decided November 18, 1930.)

OVERTON S. HOGAN for appellant.

FRED HOWES and H. H. RAMEY for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Affirming.

The subject-matter of this case has been before the court several times. Hudson v. Outram, 203 Ky. 78, 261 S. W. 847; Outram et al. v. Hudson et al., 218 Ky. 15, 290 S. W. 1031; Outram v. Paintsville National Bank, 220 Ky. 253, 294 S. W. 1067; Outram v. Paintsville National Bank, 227 Ky. 311, 12 S. W. (2d) 858. Reference is made to the first two opinions especially for an understanding of the case.

The owners of an oil and gas lease in Magoffin county entered into a contract with J. B. Outram, one of their number, giving him authority as trustee to operate and manage the property. It was provided in the plan of operation that he should make assessments against the partners to cover the expenses of operation, including the payment of a monthly salary of $150 to himself for his services. The trustee filed this suit against the appellant, George Collins, to recover of him his proportionate part of the assessment levied July 1, 1927, for $905.25, and July 1, 1928, for $679.68. Collins, by his answer, which he made a counterclaim against Outram and a cross-petition against his other associates, denied the allegations of the petition in so far as they established the trustee's right to recover these assessments, and affirmatively alleged that the lease was fully and completely developed by the 1st of July, 1923, and by reason of it having become unprofitable before that date the

agreement and the plaintiff's authority had been terminated. He charged that the trustee had wrongfully collected and was undertaking to collect his salary since that date, of which sum $2,105.52 had been paid by him. He alleged that the production of oil and gas had steadily decreased since Outram had been in charge; that the average production of oil had been reduced from 46.9 barrels in 1922 to an average of 6.53 barrels, and would continue to decline; that the assessments were largely in excess of the proceeds derived from the production; and that a continuation of the operations would result in loss and injury to him and other members of the partnership. By an amended pleading, the defendant further charged that the trustee was residing in Ohio at least 250 miles from the location of the lease and was giving it little or no attention, and had failed to manage the property in the manner required by the contract; that it was contemplated that he should reside on the property, but he had failed to do so after a short period of time. He charged a breach of the contract and forfeiture by the trustee of his rights thereunder. He further set up that the property was indivisible, and, in addition to praying that the petition against him be dismissed, he asked judgment over against the trustee for $2,105.52 and interest, and that it be adjudged that the contract had terminated. He asked a dissolution and an accounting and settlement of the partnership affairs, including a sale of the property because of its indivisibility.

The allegations of the defendant's pleading follow the terms of the contract providing that it should continue "for such time as is necessary to develop said lease," and might be terminated, among other ways, by "mismanagement on the part of said trustee or a failure to faithfully, vigorously, economically and practically carry out the terms hereof." A demurrer to the defendant's pleading was sustained, and judgment rendered against him for the amount of the assessments.

1. It is argued that there must be an end to the contract some time. The appellant has, of course, the right to raise an issue as to whether there has been a termination on these or any grounds. But this is not the place. It is too late now to say that such termination occurred in July, 1923, after having stood by and permitted the trustee to render services and incur expenses in the operation. In the former litigation the right to

recover from the appellant assessments for years subsequent to 1923 was involved, and this defense does not appear to have been raised in those suits, which were decided adversely to his claim of nonliability. Moreover, under the terms of the contract the revenue was paid directly by the pipe line companies to the respective partners, and, since the defendant's own pleading shows that some oil has been produced during the period involved, it must be assumed that he has collected his share. He admits that the money attempted to be collected of him was levied in order to raise funds for the management, operation, and development of the lease.

2. The effort to make a cross-petition and counterclaim of his answer in order to secure a settlement of the partnership presents matters which are not germane to the subject-matter of the petition. Subsection 3 of section 96 of the Civil Code of Practice prohibits the allowance of a cross-petition except upon a cause of action which affects or is affected by the original cause. The plaintiff only sought to recover of the defendant that which he was bound to pay under the trust agreement, and the dissolution of the partnership now could not affect the plaintiff's right with respect to those assessments. Of course, he may by an independent action present the question as to his right to have such relief, but he may not, under the Code provision (section 96), maintain a cross-action against the plaintiff alone or jointly with third persons. The other associates were not concerned in the controversy between the plaintiff and defendant, nor did the claim of a right for a dissolution and settlement have any connection with the cause of action set up in the petition. It was not necessary to complete adjudication of the matter in issue that the other associates should be made parties. Grimes v. Grimes, 88 Ky. 20, 9 S. W. 840, 10 Ky. Law Rep. 658; Mattingly v. Eversole, 113 S. W. 447. An elaboration of the principle of practice involved will be found in Whal v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321.

The trial court properly sustained the demurrer to the defendant's pleading, and awarded judgment to the plaintiff in accordance with the prayer of the petition.

The judgment is therefore affirmed